UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

KEITH MARTIN MOLINEAUX, JR.,

    Plaintiff,

v.                                      Case No. 2:12-cv-01346

SORAYA McCLUNG,
D.R. FRANCIS, STEPHEN KING,
CLARENCE R. LANE, and T.G. WHITE,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

    Pending before the court is a complaint filed by the plaintiff on April 30, 2012, in which the plaintiff seeks enforcement of a subpoena related to information related to his criminal prosecution and his <u>pending</u> State habeas corpus case in the Circuit Court of McDowell County, *State ex rel. Molineaux v. McBride, Warden*, No. 04-C-221-RJMII (Cir. Ct. McDowell Cty, W.Va.). Specifically, the plaintiff is seeking "the complete chain of custody" concerning laboratory tests performed on evidence in his criminal case and other cases that was tested at the West Virginia State Police Crime Laboratory. The Complaint states in full [*verbatim*]:

> I filed re-filed a civil subpoena in the Circuit Court of Fayett[e] County Circuit Court. Along with a Freedom of Information Act. Requesting only the complete chain of custody from that laboratory on November 15, 2010 I received only part of test results for example look at the case submission form dated April 12, 2001 then look at the laboratory test result dated April 18, 2002. Well what was sent to the Laboratory to be tested which was sign for by Forensic Expert was not what was on the test results. Along with this other reports are missing such as the clothing, box of bullets, marijuana etc. I have reports items that was submitted and test results of only part of what was sent to the laboratory. They refuse to send the plaintiff the complete chain of custody even after the plaintiff showed cause and explain how important it is to the plaintiff pending habeas. They refuse to acknowledge my request. When all I ask for is "simple" sign

>documentation of the chain of custody to show complete record of every item submitted to be tested over (10) ten years ago.

(ECF No. 1 at 4-5.) The relief the plaintiff seeks is as follows:

>All I request from this honorable court is to order the West Virginia State Forensic Laboratory Director Soraya McClung and its agency experts to submit to the United States District Court a complete copy of the chain of custody to put an end to this confusion. My goal is not to ask for nothing but the complete chain of custody of every item submitted to the laboratory to be tested in the following cases submitted along with this federal complaint because all cases are considered one.
>
>I only ask that the laboratory hand over every report requested in my civil subpoena filed on April 10, 2012. I have proof that clothing along with other items was tested at that laboratory. It's important that the court order them to mail it to the court not to plaintiff to avoid any misunderstanding of this issue and the court mail it to the plaintiff. If they fail to hand over these documents I ask the court to appoint counsel and a jury hearing in this matter.

(*Id.* at 5-6.)

The plaintiff has a pending state habeas corpus proceeding concerning his criminal conviction in the Circuit Court of McDowell County that involves the evidence he is attempting to obtain. Accordingly, the plaintiff may seek the requested evidence through the discovery process in his state habeas corpus proceeding, and if he has not received the information to which he believes he is entitled, <u>he must address this issue in his state habeas corpus proceeding before the judge assigned to that case</u>.

As the plaintiff was previously informed in his prior two cases filed in this federal court seeking the same or similar information, this federal court lacks jurisdiction to enforce a subpoena issued in an ongoing proceeding in a state court. If the plaintiff wishes to attempt to enforce the subpoena, he must file an appropriate motion in his habeas corpus case in state court.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's complaint fails to state a claim upon which relief can be granted and is legally

frivolous.  For that reason, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss this action with prejudice as frivolous and **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 4).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to John A. Hoyer, counsel for the State Police.

May 22, 2012

Mary E. Stanley
United States Magistrate Judge